George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The appellant in this case was indicted for robbery by assault.

The defense of insanity was interposed. At the conclusion of the trial, the jury returned the following verdict:

"We, the jury, find the defendant to have been sane at the time the act is alleged to have been committed but insane at the time of this trial."

The judgment of the court recited the above verdict and ordered "that all further proceedings herein against him be and are suspended until he becomes sane", remanded the accused to the custody of the sheriff and certified the proceedings to the county judge for his information and action in accordance with Article 932a, Vernon's Ann. C.C.P.

The State contends that this Court is without jurisdiction to entertain this appeal.

The accused has not here been found guilty of anything, and no punishment has been assessed; therefore, this is not a "criminal case" within the meaning of Article 5, Section 5 of the Constitution, Vernon's Ann.St., which defines the jurisdiction of this Court. Griffin v. State, 115 Tex.Cr.R. 306, 29 S.W.2d 349.

The appeal is dismissed.

## BRUNETTE v. STATE.
### No. 25853.

Court of Criminal Appeals of Texas.
May 7, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $50 on a charge of driving on a public highway while intoxicated.

We find no statement of facts in the record. There is one bill of exception which shows on its face to be without merit and need not be discussed.

The judgment of the trial court is affirmed.